BRUNSWICK REFRIGERATING CO. v. WOLF, SAYER & HELLER.

(Circuit Court of Appeals, Second Circuit.   March 9, 1915.)

No. 177.

1. PATENTS ⬅⟶328—VALIDITY AND INFRINGEMENT—GAS PUMP.
    The Whitaker patent, No. 899,583, for a gas pump, discloses patentable invention, and is valid; also *held* infringed.

2. PATENTS ⬅⟶312—SUIT FOR INFRINGEMENT—PRESUMPTION OF VALIDITY.
    When an agent has appropriated his principal's patent, every fair presumption upon the question of validity should be resolved in its favor.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. ⬅⟶312.]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a decree of the United States District Court for the Southern District of New York (221 Fed. 639), holding valid and infringed both claims of letters patent No. 899,583, for a gas pump, issued September 29, 1908, to the complainant, as assignee of the inventor, Richard Whitaker.

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Richard Whitaker, Max W. Zabel, of Chicago, Ill., and Hirsh & Newman, of Brooklyn, N. Y., for appellant.

Archibald Cox, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. [1] This is an appeal from a decree of the District Court holding valid and infringed letters patent No. 899,583 for a gas pump. Infringement is not denied. The only question is whether it required an exercise of the inventive faculties to construct the pump in question. In other words, is the patented structure an invention or a mere aggregation? There can be no doubt that the patentee has produced a gas pump which is superior to those which preceded it. It is more accurate, more enduring and more efficient than those of the prior art. The presumption arising from the patent itself should not be overcome by any speculative doubt and especially should this be the case where the defendant was the complainant's agent, selling and recommending its machines.

[2] When an agent thus appropriates his principal's patent every fair presumption upon the question of validity should be resolved in its favor. We do not think the patentee has made any radical discovery in the art of constructing gas pumps, but we do think that he has perfected the prior pumps and has thus produced a machine of wonderful accuracy and one very much more efficient than those of the prior art.

The claims contain eight and nine elements respectively, as construed by the complainant, and seven elements as construed by the defendant. The defendant has appropriated them all. The court should be clearly convinced of the rectitude of its position before holding a patent invalid at the instance of an infringer who has copied the patented combination down to its most minute details.

The District Judge has carefully and accurately discussed the issues involved and we see no occasion to add further to what he has written. We agree with him in thinking that if there be a doubt, the presumption of novelty and invention arising from the patent should resolve that doubt in favor of the complainant.

The decree is affirmed with costs.